IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RAYMOND X. STANLEY | § | |
| VS. | § | CIVIL ACTION NO. 5:15cv43 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Raymond X. Stanley, an inmate confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for murder.

The Court previously referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be dismissed as barred by the applicable statute of limitations.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The Magistrate Judge concluded petitioner filed his petition more than 13 years after the applicable period of limitations expired. Petitioner does not contest the Magistrate Judge's calculation. Instead, he asserts his petition should not be barred by limitations because while he might be guilty of manslaughter, he is actually innocent of the offense of murder.

In *MgQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), the Supreme Court said that actual innocence may provide a "gateway" for consideration of otherwise time-barred claims. An actual innocence claim requires a petitioner to support his allegations of constitutional error with new

reliable evidence–whether it be exculpatory scientific evidence, trustworth eyewitness accounts, or critical physical evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 234 (1995). However, it is not the mere allegation of actual innocence that will open such a "gateway." Instead, a petitioner seeking to avoid a limitations bar must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *McQuiggin*, 133 S.Ct. at 1936. In other words, an "actual innocence" exception to the limitations bar will only be found if the evidence presented by the petitioner convinces the court that "it is more likely than not that no reasonable jury would have convicted [the petitioner]." *Id*. at 1933.

Petitioner has failed to satisfy the standard established in *McQuiggin*. He has identified no evidence, new or otherwise, demonstrating he is actually innocent of murder. As a result, he is not entitled to proceed through the gateway recognized in *McQuiggin*.

ORDER

For the reasons set forth above, petitioner's objections are without merit and are therefore **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the Court. A final judgment shall be entered dismissing the petition in accordance with the recommendation of the Magistrate Judge.

In addition, the Court is of the opinion petitioner is not entitled to a certificate of appealability in this matter. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues he raised are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.

*See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his petition is barred by the applicable statute of limitations is subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worth of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**So ORDERED and SIGNED this 24th day of August, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE